IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**DAVID BERNARD THOMPSON, #134531**                                                   **PLAINTIFF**

**VERSUS**                                       **CIVIL ACTION NO. 3:07-cv-481-HTW-LRA**

**DEE BATES AND TIMOTHY O. JONES**                                               **DEFENDANTS**

MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff Thompson, an inmate currently incarcerated in the South Mississippi Correctional Facility, Leakesville, Mississippi, filed this civil rights complaint under 42 U.S.C. § 1983.  The named Defendants are District Attorney Dee Bates and Assistant District Attorney Timothy O. Jones. Upon consideration of Plaintiff's complaint and response, the Court has reached the following conclusions.

Background

Plaintiff was arrested by the Southwest Mississippi Narcotics Enforcement Unit on January 10, 2007.  Plaintiff states that he was arrested for possession of marijuana and cocaine. Plaintiff alleges that Defendant Bates advised Defendant Jones to execute an illegal search warrant.  Plaintiff is seeking monetary relief.

Analysis

Title 28 U.S.C. Section 1915(e)(2)[1] "accords judges not only the authority to dismiss a

---

[1] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i)     is frivolous or malicious;
        (ii)    fails to state a claim on which relief may be granted; or

claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir.1994). "A district court may dismiss an *in forma pauperis* proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 501 U.S. 1235 (1991); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Parker v. Carpenter*, 978 F.2d 190, 191 n.1 (5th Cir. 1992); *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992); *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir.), *cert. denied*, 504 U.S. 988, 112 S. Ct. 2974, 119 L. Ed. 2d 593 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* As discussed below, Plaintiff cannot maintain this action pursuant to 42 U.S.C. § 1983 against the named Defendants.

## Defendants

To the extent Plaintiff is requesting monetary damages from the Defendants, his claims are not properly pursued in this action. Defendants Bates and Jones as Pike County District

---

(iii)  seeks monetary relief against a defendant who is immune from such relief.

Attorneys are absolutely immune from these claims for monetary damages. The Supreme Court has held that "the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action." *Mitchell v. Forsyth,* 472 U.S. 511, 525 (1985). Therefore, it has been held that immunity is a threshold question, which should be resolved as early in the proceedings as possible. *See Siegert v. Gilley,* 500 U.S. 226, 231-33 (1991). Absolute immunity extends to prosecutors who are performing prosecutorial acts. *Imbler v. Pachtman*, 424 U.S. 409 (1976). "[I]mmunity is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227 (1988). Plaintiff fails to provide any facts to establish that Defendants Bates and Jones' action or inaction is not directly related to prosecuting the criminal case against Plaintiff. As such, Plaintiff's action will be dismissed.

## Conclusion

As discussed above, Plaintiff's claim for monetary damages against Defendants Bates and Jones will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), with prejudice.

A final judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 27th day of March, 2008.

s/ HENRY T. WINGATE
CHIEF UNITED STATES DISTRICT JUDGE